UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| U.S. BANK EQUIPMENT FINANCE, A DIVISION OF U.S. BANK NATIONAL ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> J.W. JONES COMPANY, LLC, <br> ROCK EQUIPMENT, INC., <br> J.W. JONES DEVELOPMENT COMPANY, LLC, <br> J.W. JONES EXPORT CO., INC., <br> JONES TRUCKING, INC., <br> M.I.L. LATIN AMERICA, LLC, and <br> JOHN W JONES, <br><br> Defendants. | Case No. 1:17-cv-00892-TWP-MJD |

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by Plaintiff U.S. Bank Equipment Finance, a division of U.S. Bank National Association ("U.S. Bank") (Filing No. 56). Plaintiff U.S. Bank initiated this lawsuit asserting breach of contract, breach of guaranty, specific performance, replevin, and breach of fiduciary duty claims against J.W. Jones Company, LLC ("Jones Company"); Rock Equipment, Inc. ("Rock Equipment"); J.W. Jones Development Company, LLC ("Jones Development"); J.W. Jones Export Co, Inc. ("Jones Export"); Jones Trucking, Inc. ("Jones Trucking"); M.I.L. Latin America, LLC ("M.I.L."); and John W. Jones ("Jones") (collectively "Defendants" and, with the exception of Jones Company, "Guarantors"). U.S. Bank filed its Motion for Summary Judgment, arguing that it is entitled to judgment as a matter of law on various grounds. For the reasons stated below, the Motion for Summary Judgment is **granted**.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Defendants as the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Jones Company is an equipment dealer. On or about January 13, 2012, U.S. Bank, as lender, and Jones Company, as borrower, entered into a Dealer Security Agreement (the "Agreement") ([Filing No. 1-1](#)). U.S. Bank agreed to extend credit to Jones Company and, in consideration, Jones Company agreed to grant to U.S. Bank a security interest in its inventory as collateral. Defendants Rock Equipment, Jones Development, Jones Export, Jones Trucking, and Jones were guarantors to the Agreement ([Filing No. 1-4](#); [Filing No. 1-5](#); [Filing No. 1-6](#); [Filing No. 1-7](#); [Filing No. 1-8](#)). U.S. Bank perfected its first priority security interest in the collateral on January 25, 2012 ([Filing No. 1-2](#)). On November 7, 2014, U.S. Bank and Jones Company amended the Agreement to change the specifics of the financial disclosures Jones Company was required to make to U.S. Bank ([Filing No. 1-9](#)). That same day, to induce U.S. Bank to join the amendment and to grant Extensions of Credit to Jones Company, M.I.L. became a guarantor ([Filing No. 1-10](#)).

The Agreement required Jones Company to do three things relevant here. First, it had to furnish U.S. Bank with disclosures of Rock Equipment's finances within 120 days after the close of each fiscal year and within 45 days after the close of each other quarter and with Jones Company financial disclosures quarterly. ([Filing No. 1-1 at 3-4](#)) Second, Jones Company had to pay to U.S. Bank the amount of each extension of credit along with any accrued and unpaid interest charges according to the Agreement's terms, so-called "curtailment and interest payments." ([Filing No. 1-1 at 1](#).) Third, when Jones Company sold any inventory covered by the Agreement, it had to hold

in trust and remit certain minimum proceeds to U.S. Bank to cover the reduction in value of U.S. Bank's collateral position. (Filing No. 1-1 at 2,) Each Guarantor agreed to pay U.S. Bank any debt that arose out of the Agreement. (Filing No. 1-4 at 1; Filing No. 1-5 at 1; Filing No. 1-6 at 1; Filing No. 1-7 at 1; Filing No. 1-8 at 1; Filing No. 1-10 at 1.)

Because of a downturn in the market for the type of equipment it sells, Jones Company was not able to fulfill these commitments. Jones Company did not provide U.S. Bank with the required financial statements for Rock Equipment for fiscal years 2015 and 2016 (Filing No. 57-6 at 7), nor with Jones Company financial statements for the third quarter ending September 30, 2016. *Id.* at 8. Jones Company failed to keep up with the curtailment and interest payments required by the Agreement due to insufficient funds. (Filing No. 57- 5 at 14-15.) In addition, Jones Company failed to hold in trust and pay U.S. Bank amounts due from the sale of inventory held as collateral under the Agreement. *Id.* at. As a result, the Guarantors failed to pay the debt Jones Company accrued under the Agreement. (Filing No. 57-6 at 8.)

U.S. Bank brought this Complaint alleging breach of contract against Jones Company (Count I), breach of guaranty against the Guarantors (Counts II-VII), replevin against Jones Company (Count VIII), specific performance against Jones Company (Count IX), breach of fiduciary duty against Jones Company and Jones (Count X), and appointment of a receiver against Jones Company (Count XI). (Filing No. 1.) U.S. Bank affirmatively waived its appointment of a receiver claim in its Motion for Summary Judgment (Filing No. 57 at 2).

In its Complaint, U.S. Bank alleges damages of $1,362,490.75 and requests that Jones Company forfeit the remaining inventory held as collateral under the agreement, which U.S. Bank values at approximately $1,329,660.26. (Filing No. 1-1.) In its claim for breach of fiduciary duty, U.S. Bank requests "punitive damages in the amount of three times U.S. BANK'S actual damages,

plus prejudgment interest and attorneys' fees and costs." *Id.* at 15. In its Motion for Summary Judgment, U.S. Bank recalculated its damages for breach of the Agreement to be $445,642.13 plus attorneys' fees and costs of $72,218.03 and requests judgment in that amount. ([Filing No. 57 at 19-21](#)). U.S. Bank also requests that the Court order Jones Company to transfer possession of its remaining inventory covered in the agreement. *Id.* at 20. Lastly, U.S. Bank seeks $90,229.74 in damages against Jones Company and Jones on the breach of fiduciary duty claim, the amount Jones Company failed to hold in trust and remit to U.S. Bank when it sold off inventory covered by the agreement. *Id.* at 29.

## II. **SUMMARY JUDGMENT STANDARD**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 106 S.Ct. 1348 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that

4

requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III. DISCUSSION

Jones Company does not dispute that it breached the Agreement, and Defendants are willing to stipulate to judgment in the amount of $445,642.13 on the breach of contract and breach of guaranty claims—the full amount sought by U.S. Bank. ([Filing No. 59 at 6](#).) As to the replevin and specific performance claims, Defendants

> remain willing to either: (1) return the remaining collateral to Plaintiff at Plaintiff's expense, as long as Plaintiff will agree to sell it in a commercially reasonable manner (ie: not for a 'fire sale' price); or (2) continue to sell the remaining collateral in a commercially reasonable manner, while remitting the proceeds from such sales to Plaintiffs.

*Id.* at 3. The Defendants, however, dispute U.S. Bank's calculation of attorneys' fees as unreasonable and deny that they breached their fiduciary duty to by failing to hold the proceeds of inventory sales in trust and remit certain amounts to U.S. Bank. *Id.* at 7-8.

5

## A. Breach of Contract and Breach of Guaranty Claims (Counts I-IX)

Defendants do not dispute they breached the Agreement and agree that there is no issue of material fact necessitating a trial, and thus the Court **grants** summary judgment in favor of U.S. Bank on the breach of contract, breach of guaranty, replevin, and specific performance claims and enters an award of **$445,642.13**. Further, the Court **orders** Jones Company to transfer possession of the remaining unsold collateral to U.S. Bank. That collateral, specifically, is one (1) 2014 TEREX IP1313HSI, Serial No. TRXB1313HOK-EJ0691; one (1) 2015 TEREX VGF422015, Serial No. TRX4220TDU-FF2072; one (1) 2015 TEREX FM120C, Serial No. TRX00182VDG-F60784; and one (1) 2016 TEREX 620332, Serial No. TRXV6203LDU-GB2199. (Filing No. 57 at 23.)

## B. Breach of Fiduciary Duty Claim (Count X)

Jones Company and Jones dispute that they breached their fiduciary duty by failing to hold proceeds from the sale of collateral in trust to benefit U.S. Bank. They argue they did not have a fiduciary duty to U.S. Bank, but rather the relationship established by the Agreement was one of debtor to creditor. The language giving rise to the dispute comes from paragraph 2.7 of the Agreement:

> …the proceeds of such sales of Inventory (and evidence of such sales) shall be property of Lender and **shall be held in trust for the use and benefit of Lender until paid to Lender as provided hereunder**… Upon any sale of Inventory, Borrower shall pay to Lender an amount equal to the unpaid balance of the Extension of Credit plus accrued and unpaid interest with respect to the item of Inventory sold on the earlier of (a) four (4) business after borrower receives the proceeds of such sale, or (b) thirty (30) calendar days after the earlier of the date of delivery of the Inventory to the buyer or the date of the invoice therefor; provided, however, that if Lender has notified Borrower of an Event of Default and Lender has not waived such Event of Default in writing, Borrower shall pay the entire proceeds of such sale to Lender.

([Filing No. 1-1 at 2-3](#); emphasis added).  U.S. Bank argues this language, particularly the bolded portion, indicates Jones Company and Jones explicitly agreed to undertake fiduciary obligations to U.S. Bank.

The parties agree that Minnesota law governs this claim because the Agreement contains a Minnesota choice of law provision.  ([Filing No. 1-1 at 5](#))  To prove a breach of fiduciary duty under Minnesota law, a plaintiff must show: (1) the existence of a fiduciary duty; (2) a breach of that duty; (3) causation; and (4) damages.  *Hot Stuff Foods, LLC v. Dornback*, 726 F. Supp. 2d 1038, 1043 (D. Minn. 2010).  U.S. Bank names Jones individually in its breach of fiduciary duty claim because breach of fiduciary duty is an intentional tort, and, under Minnesota law, an individual who controls an entity and takes part in the entity's commission of a tort is individually liable for the tortious conduct of the entity.  *Castle Aero Fla. Int'l., Inc. v. Mktg. and Fin. Serv., Inc.*, No. 12-1818 (PAM/JJG), 2014 WL 2993727 at *26 (D. Minn. July 2, 2014).

The only element in dispute is whether Jones Company owed a fiduciary duty to U.S. Bank.  The parties agree that Jones Company did not hold the proceeds from sales of collateral in trust[1] and that it failed to remit proceeds of these sales required under the agreement to U.S. Bank.  ([Filing No. 57-6 at 12-14](#).)  Thus, there is no dispute of material fact, only a legal question: whether the Agreement created a fiduciary relationship between Jones Company and U.S. Bank.

"If one person pays money to another, it depends upon the manifested intention of the parties whether a trust or a debt is created."  *Am. Sur. Co. of N.Y. v. Greenwald*, 25 N.W.2d 681, 685 (Minn. 1946) (quoting Restatement (First) of Trusts § 12 (1935)).  U.S. Bank argues a trust was created not only because the Agreement specified Jones Company hold the proceeds from sales of collateral "in trust," but also because it made those proceeds "the property of [U.S. Bank]."

---

[1] Jones Company held these funds in two separate checking accounts, one at Star Financial Bank and one at Key Bank. ([Filing No. 57-4 at 5](#), ¶12.)

([Filing No. 1-1 at 2-3](#).) "A trustee-beneficiary relationship necessarily gives rise to a fiduciary duty in the trustee toward the beneficiary." *Thomas B. Olson & Assocs., P.A. v. Leffert, Jay & Polglaze, P.A.*, 756 N.W.2d 907, 914 (Minn. Ct. App. 2008).

Defendants disagree, arguing Minnesota law requires the Court to examine the substance of the relationship created by the entire Agreement, which they claim is one of debtor-to-creditor. If Jones Company was a debtor and not a trustee, it would owe no fiduciary duty because "[a] debt is not a trust and involves no fiduciary relationship or duty between the parties involved." *State v. Larson*, 605 N.W.2d 706, 712 (Minn. 2000). Jones Company argues the Agreement created a debtor-creditor relationship because it put Jones Company in default if it failed to remit amounts due to U.S. Bank and because it lacked a requirement that Jones Company segregate the proceeds from the sale of collateral. Additionally, the Agreement did not use the word "fiduciary" nor did it create a relationship where Jones Company is in a position of power or ascendancy over U.S. Bank, the way a trustee would be to a beneficiary.

Under Minnesota law, "a fiduciary relationship exists when confidence is reposed on one side and there is a resulting superiority and influence on the other; and the relation and duties involved in it need not be legal, but may be moral, social, domestic, or merely personal." *Hope v. Klabal*, 457 F.3d 784, 791 (8th Cir. 2006) (internal quotations omitted). "Ordinary business relationships may involve reliance on a professional, a degree of trust, and a duty of good faith, and yet not fall within the class of fiduciary relationships." *St. Paul Fire and Marine Ins. Co. v. A.P.I., Inc.*, 738 N.W.2d 401, 406 (Minn. Ct. App. 2007). Whether a fiduciary duty exists is a question of fact unless the parties have a relationship that establishes a fiduciary duty *per se*. See *Toombs v. Daniels*, 361 N.W.2d 801, 809 (Minn. 1985); *Carlson v. SALA Architects, Inc.*, 732 N.W.2d 324, 331 (Minn. Ct. App. 2007). A fiduciary relationship exists *per se* between a trustee

8

and a beneficiary. *Swenson v. Bender*, 764 N.W.2d 596, 601 (Minn. Ct. App. 2009).[2] Thus, if the language in the Agreement created a trust under Minnesota law, Jones Company owed a fiduciary duty to U.S. Bank *per se* and this claim would be appropriate for resolution on summary judgment.

"Under Minnesota common law, the essentials of an express trust are (1) a designated trustee with enforceable duties; (2) a designated beneficiary vested with enforceable rights; and (3) a definite trust res in which the trustee has legal title and the beneficiary has the beneficial interest." *Bond v. Comm'r of Revenue*, 691 N.W.2d 831, 837 (Minn. 2005) (citing *In re Bren*, 284 B.R. 681, 697 (Bankr. D. Minn. 2002)). The settlor need not use any specific words to create the trust, but the settlor "must show a definite, unequivocal, explicit declaration of trust, or circumstances must show with reasonable certainty or beyond a reasonable doubt that a trust was intended to be created." *Id.* (internal quotations omitted).

The language of the Agreement meets the high bar for creation of an express trust as a matter of law. It specifies that proceeds from the sale of collateral equipment "shall be held in trust for the use and benefit of [U.S. Bank]." ([Filing No. 1-1 at 2](Filing No. 1-1 at 2), ¶2.7.) That provision establishes the three elements required under Minnesota law for creation of an express trust: (1) a designated trustee with enforceable duties—Jones Company, (2) a designated beneficiary with enforceable rights—U.S. Bank, and (3) a definite trust res in which the trustee has legal title and the beneficiary has the beneficial interest—the proceeds from sales of equipment serving as collateral under the Agreement.

Jones Company points to the relationship between the parties, which it asserts is one between sophisticated business entities on the same level, as opposed to a layman and a professional with superior knowledge or skill. And while there is no difference in knowledge

---

[2] The other *per se* fiduciary relationships recognized under Minnesota law are attorney-client, business partnerships, director-corporation, officer-corporation, and husband-wife. *Swenson* at 901.

between the parties, there is a difference in power.  *See DT Floormasters, Inc. v. United States*, No. 4:07-cv-0112-DFH-WGH, 2008 WL 2705554 at *4 (S.D. Ind. July 10, 2008) (defining a fiduciary relationship as one where there is a difference in knowledge or power between the fiduciary and principal giving the former a position of ascendancy of the latter).  Without the fiduciary duty to even the playing field, Jones Company holds power over U.S. Bank because it is in actual possession of the proceeds from the sale of collateral equipment.  Absent a trust, Jones Company could use those proceeds to pay other creditors or give bonuses to executives, leaving U.S. Bank without compensation for the reduction in the value of its position.

The Defendants also argue, citing *DT Floormasters* and *Judd v. First Fed. Saving & Loan Ass'n of Indianapolis*, 710 F.2d 1237 (7th Cir. 1983), that merely using the words "trust," "trustee," or "in trust" is insufficient to create a trust.  The Seventh Circuit has said: "[s]imply stated, the words used in the document are not always conclusive evidence of a trust. The principal consideration is intent." *Judd* at 1241.  Mere usage of the term "trust" cannot create a trust when the substance of the transaction involved is unmistakably creation of debt.  But that is beside the point because in this case, the language of the Agreement shows the parties intended to create a trust.  The Agreement identifies the proceeds from sales of collateral as "the property of [U.S. Bank]…until paid to [U.S. Bank] as provided hereunder."  ([Filing No. 1-1 at 2-3](#).)  The express language of the agreement makes clear that the proceeds *belong* to U.S. Bank until a certain portion of them is remitted to U.S. Bank, and until that time Jones Company must hold them in trust.

Because the language of the Agreement established an express trust, a relationship of trustee to beneficiary arose between the parties and Jones Company and Jones owed a fiduciary duty to U.S. Bank as a matter of law.  That Jones Company engaged in conduct that constitutes breaching the duty—failing to remit and hold in trust proceeds from the sales of collateral

equipment—is undisputed. (Filing No. 57-9; Filing No. 57-13 at 12-14; Filing No. 57-14 at 10-11.) Thus, the Court **grants** U.S. Bank's Motion for Summary Judgment on the breach of fiduciary duty claim against Jones Company and Jones.

U.S. Bank seeks damages on this claim in the amount of $90,229.74—the proceeds from the collateral equipment Jones Company sold out of trust. However, because this $90,229.74 sum was included in U.S. Bank's calculation of its damages on the breach of contract and breach of guaranty claims, Jones Company and Jones do not owe an additional $90,229.74 beyond the $445,642.13 sum awarded in Section A of this Order. (Filing No. 57-12 at 4-5.) The damages sustained under the breach of fiduciary duty claim are separated only because, under 11 U.S.C. § 523(a)(4) and (6), Jones Company and Jones' liability is non-dischargeable should Jones Company file for bankruptcy.

**C.** **Attorneys' Fees**

In addition to damages, U.S. Bank requests attorneys' fees and costs in the amount of $72,218.03. (Filing No. 57 at 21.) The Agreement states that "In any interpretation or enforcement of the Financing Documents or any dispute related thereto or to the relationship between the parties, Borrower shall pay Lender's legal expenses and reasonable attorneys' fees, including any incurred before and at trial, on appeal, in any other proceeding or without any litigation being filed." (Filing No. 1-1 at 5.) The Guarantors' agreements contain similar clauses. (Filing No. 1-4 at 2; Filing No. 1-5 at 2; Filing No. 1-6 at 2; Filing No. 1-7 at 2; Filing No. 1-8 at 2; Filing No. 1-10 at 2.)

Defendants argue U.S. Bank "has expended significantly more time, legal resources, and judicial resources than were reasonably necessary to resolve this dispute." (Filing No. 59 at 7.) Defendants argue they made multiple efforts to resolve this matter out of court, but U.S. Bank

11

refused to provide them an up-to-date accounting of the amounts they owed. *Id.* at 6. Defendants assert that reasonable attorneys' fees in this case should amount to no more than $35,000.00. *Id.* at 7.

U.S. Bank asserts Defendants were less amenable to a settlement than they let on, insisting on certain conditions regarding the sale of collateral that U.S. Bank viewed as unreasonable. ([Filing No. 61 at 10](#).) U.S. Bank also claims it has been sending Defendants Dealer Floorplan Statements, which detail the amount Defendants owe, "on a monthly basis since 2012." *Id.* U.S. Bank argues Defendants would not commit to a firm settlement offer and did not agree to stipulate to judgment in the full amount owed until just recently. *Id.* at 11.

Under Minnesota law, courts consider six factors in determining the reasonableness of attorneys' fees: (1) the time and labor required; (2) the nature and difficulty of responsibility assumed; (3) the amount involved and the result obtained; (4) the fee customarily charged for similar legal services; (5) the experience, reputation, and ability of counsel; (6) the fee arrangement existing between counsel and the client. *Cnty. of Scott v. Johnston*, 841 N.W.2d 357, 361 (Minn. Ct. App. 2013) (citing *State by Head v. Paulson*, 188 N.W.2d 424, 426 (Minn. 1971). The crucial factor in this instance is the time and labor required of U.S. Bank's counsel to pursue these claims. Defendants allege that U.S. Bank's "conduct appears more geared toward accumulating a substantial legal bill than toward actually resolving this dispute" and "the 255.7 hours spent by Plaintiff's counsel, and Plaintiff's claim for $72,218.03 of attorneys' fees, are not reasonable." ([Filing No. 59 at 7](#).)

The designated evidence shows that settlement talks stalled not because U.S. Bank was obstinate but because the two parties had genuine disagreements about how to proceed. U.S. Bank thought the Agreement required Jones Company to surrender any remaining collateral equipment

it held, but Jones Company wanted to reach an agreement on the value of the collateral before surrendering it. ([Filing No. 61-2](#).) And although Jones Company indicated an interest in stipulating to liability on January 3, 2018, it only did so on one of eleven claims made in the Complaint—the breach of contract claim. ([Filing No. 61-3](#).)

Defendants ask the Court to consider the existence of substantial settlement offers but have not designated any evidence of a settlement offer in this case. ([Filing No. 59 at 7](#)). They assert a longstanding willingness to stipulate to judgment, but the evidence shows only a possibility of stipulation on one of eleven claims. ([Filing No. 61-3](#).) And Defendants offer no support for their assertion that reasonable attorneys' fees in this matter would come to no more than $35,000.00 for U.S. Bank. Although the parties dispute the way settlement negotiations were handled in this case, the only designated evidence supports U.S. Bank's calculation of attorneys' fees. ([Filing No. 57-17](#).) Inferences Defendants ask the Court to make are supported by mere conjecture and speculation, and such inferences cannot preclude summary judgment. Accordingly, the Court **grants** U.S. Bank's Motion for Summary Judgment with regards to its calculation of attorneys' fees and costs and finds Defendants jointly and severally liable for attorneys' fees in the amount of $72,218.03.

## IV. CONCLUSION

For the reasons stated above, the Defendants' Motion for Summary Judgment ([Filing No. 56](#)) is **GRANTED**. Defendants J.W. Jones Company, LLC; Rock Equipment, Inc.; J.W. Jones Development Company, LLC; J.W. Jones Export Co., Inc.; Jones Trucking, Inc.; M.I.L. Latin America, LLC; and John W. Jones are jointly and severally liable on Counts I-VII in the amount of $445,642.13, plus attorneys' fees and costs in the amount of $72,218.03, for a total judgment

13

of $517,860.16. Of that amount, J.W. Jones Company, LLC and John W. Jones are liable on Count IX for breach of fiduciary duty in the amount of $90,229.74.

The Court **ORDERS** J.W. Jones Company, LLC to assemble and deliver the following collateral to U.S. Bank at a place and time directed by U.S. Bank **within seven (7) calendar days of this Order** of judgment: one (1) 2014 TEREX IP1313HSI, Serial No. TRXB1313HOK-EJ0691; one (1) 2015 TEREX VGF422015, Serial No. TRXF4220TDU-FF2072; one (1) 2015 TEREX FM120C, Serial No. TRX00182VDG-F60784; and one (1) 2016 TEREX 620332, Serial No. TRXV6203LDU-GB2199.

Final judgment will issue in a separate order.

**SO ORDERED.**

Date: 10/26/2018

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

David Alexander Darcy
ASKOUNIS & DARCY, PC
adarcy@askounisdarcy.com

Anthony R. Jost
RILEY BENNETT & EGLOFF LLP
tjost@rbelaw.com

Justin Owen Sorrell
RILEY BENNETT & EGLOFF LLP
JSorrell@rbelaw.com